UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-324-1-F
No. 5:10-CV-187-F

| JOSEPH EVELYN WING, | ) |  |
| --- | --- | --- |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA | ) |  |
| Respondent. | ) |  |

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-10-1-F
No. 5:10-CV-170-F

| JOSEPH EVELYN WING, | ) |  |
| --- | --- | --- |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA | ) |  |
| Respondent. | ) |  |

Joseph Wing has filed notice of appeal of this court's July 20, 2011, Order [DE-56] allowing the Government's Motion to Dismiss his § 2255 motion. By motion filed August 29, 2011 [DE-61], Wing now seeks an order for preparation of a transcript of his sentencing hearing at Government expense for his use on appeal of the § 2255 order. Wing has demonstrated his inability to pay for a transcript, but this circuit's requirement that a prisoner show a "particularized need" for such a transcript envisions, not just a showing of indigency, but also an explanation why the issues to be presented on appeal necessitate the requested transcript. This level of particularity is critical where, as here, no transcript already has been prepared in the

case, and the issues on appeal will be whether this court committed legal error in its ruling on Wing's § 2255 claims. *See, e.g., United States v. Oriakhi*, 394 Fed. App'x, 976, 977 (4th Cir. 2010) (defendant failed to allege what claims on appeal he could not present due to his lack of access to a transcript).

The current posture of this case, however, is that this court has denied § 2255 relief and has declined to issue a certificate of appealability. Absent a certificate of appealability, a petitioner is not entitled to take an appeal of a final order in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). Wing nevertheless may seek a certificate of appealability from the Fourth Circuit Court of Appeals. If such certificate is allowed, the appellate court may direct preparation of a sentencing hearing transcript if it deems such transcript to be necessary and appropriate to deciding the specific issues certified. *See Cash v. United States*, 115 Fed. App'x 178 (4th Cir. 2004).

SO ORDERED.

This, the 1st day of September, 2011.

JAMES C. FOX
Senior United States District Judge